## STREET ASSESSMENTS.

[Hamilton County Circuit Court, January 9, 1895.]

HENRY CORDES ET AL. V. R. B. BROOKS, TREASURER, ET AL.

1. CONSTITUTIONALITY OF "ERIE AVENUE ACT"
    The "Erie Avenue Act," passed April 22, 1890, and contained in vol. 87 of Ohio Laws, page 577, is constitutional.

2. JURISDICTION OF COUNTY COMMISSIONERS AS TO BENEFITS AND FIXING ASSESSMENTS.
    Under said act the decision of the county commissioners is final as to benefits and the amount of the assessments.

3. POWER OF AUDITOR TO CHANGE THE TIME FOR PAYING INSTALLMENTS OF ROAD ASSESSMENT.
    The time for paying the installments of a road assessment cannot be changed by the auditor to earlier dates than those originally fixed by the commissioners.

SMITH, J.

In this case an application has been made to this court for a temporary restraining order enjoining the treasurer of the county from proceeding to collect the assessment made upon their lands for the construction of Erie avenue. The facts disclosed are substantially these:

On June 5, 1892, the plaintiffs filed their petition to enjoin the collection of the assessment for this improvement, all of which had originally been placed upon the duplicate for 1891. A temporary restraining order was then granted. About the same time another petition had been filed by Weston and others, owners of land also assessed, seeking to enjoin the assessment upon their lands for the same improvement upon the ground that the act under which it was levied was unconstitutional, and that the steps required by the law itself had not been taken. The allegations of the original petition in this case, as we understand, were substantially the same as in the Weston case. The latter case came to this court on appeal, and on final hearing the validity of the law was sustained by the decision of this court, and a finding made for the defendants and the petition dismissed. The case was taken on error to the supreme court and the decision of the circuit court was affirmed.

Meanwhile the other case remained undisposed of in the common pleas until a few days ago, when the injunction originally granted was vacated by the court, and the order vacating it was appealed from.

It further appears that in March, 1892, the board of county commissioners, before the filing of the petition in this case, passed a resolution reciting that they had omitted to divide the assessment into installments as provided by law, and then directed the auditor to place the same on the duplicate in eight equal installments, the first to be collected in December, 1892, and one installment at each semi-annual collection thereafter, until all of said installments have been collected. This was done until 1894, though plaintiffs have paid no part thereof, the original temporary injunction still remaining in force.

In preparing the duplicate for 1894, the auditor placed all of the unpaid assessments against the lands of those assessed therefor, viz., four of such installments to be paid December 20, 1894, and the remaining four June 20, 1895, on the ground, as is claimed, that it was necessary to do so to provide money to meet the bonds which had been sold to pay for the construction of the improvements, and the interest thereon, viz., $11,000 falling due August 23, 1895, and $22,000 falling due December 20, 1895, the original amount of the assessment being $33,000. On January 8, 1895, on the day of the hearing of this application the auditor addressed to the commissioners a communication advising them of his action and the reason therefor, and asking their approval of his action, which

on the same day was approved by the commissioners by resolution, a copy of which is produced.

On December 27, 1894, an amendment to the original petition was filed, setting up, as an additional ground for relief, that the property of plaintiffs was not in fact benefited by this improvement, and therefore, that it should not be assessed therefor. And on January 4, 1895, a supplemental petition was filed, averring the fact that all said assessments are now on the duplicate of 1894, and that they are illegally called upon to pay eight instead of four installments, as apportioned by the county commissioners. And, for all these reasons, it is claimed that they should have the relief asked until the case can be heard by the court.

As has been said, in the Weston case, we held the law to be constitutional and the proceedings to be regular as to the matters complained of. This decision was affirmed by the supreme court: October 24, 1893, two of the five judges then constituting the court dissenting. This decision is binding upon us, and we are not called upon to speculate as to what may hereafter be done by the supreme court in a similar case, if presented. If a contrary rule is hereafter laid down as to the constitutionality of such legislation, we will follow it, and not unwillingly. But in the state of the law, as it now appears to be settled by the adjudication of the court of last resort in the state, what can we do but decide accordingly? And this would require us to hold that, on the grounds stated in the original petition, we can not properly grant a restraining order.

As to the ground stated in the amended petition, it may be said that the statute (87 O. L., 577) points out the manner in which the amount of the assessment to be made on each tract in the assessing district is to be ascertained and determined. In the first place, three competent freeholders are to be appointed by the county commissioners, who, on actual view, are to apportion the estimated expense upon the lots and lands and make report thereof in writing to the commissioners. Notice thereof is to be given, and if objection thereto is made by any one, three other disinterested freeholders are to be appointed, who shall hear and determine all objections to said assessment, equalize the same, or approve the assessment made as they shall deem just. This is to be reported to the commissioners, and if confirmed by them, *shall be final.* All of these steps were taken in this case. These provisions, it would seem, would operate to deprive a party whose assessment was fixed with all these formalities of the right further to litigate in an independent action the question whether his property is rightfully assessed under the provisions of the statute, he having had the right to have a full hearing as to this question before the tribunal organized to determine it. But the question remains whether all of these installments as to these plaintiffs are properly upon the duplicate of 1894, for collection December 20, 1894, and June 20, 1895.

By section 7 of the statute under consideration, the county commissioners were authorized and directed to issue the bonds of the county, payable in installments, or at intervals not exceeding in all the period of ten years; and the assessment was to be divided (we suppose by them) in such manner as to meet the payment of the principal and interest of the bonds, and placed upon the duplicate for taxation against the lands assessed. As has been stated, the commissioners of the county issued $11,000 of the bonds of the county falling due August 23, 1895, and $22,000 falling due December 20, 1895, and divided the whole amount to be assessed to meet the same into eight installments, one to be collected at each semi-annual collection of taxes, the first to be collected December 20, 1892. If such installments had been paid, it would appear that provision was not thereby made for meeting the payment of the whole of the bonds issued at the maturity thereof, as the last one of the eight installments would be payable June 20, 1896, while the $22,000 of bonds issued would mature December 20, 1895. If, therefore, all of the installments were regularly paid, there would not be on December 20, 1895, in the treasury a sufficient amount to pay all of the issue of bonds falling due December 20, 1895. But the commissioners

having exercised, or attempted to exercise, the power given to them by the statute, and having divided the total amount to be raised into eight installments and directed the time at which they should be payable, can the auditor afterwards, on discovering that this decision will not operate to produce the money needed to pay the bonds at maturity, alter such decision, even with the consent of the board of county commissioners, and make four or more of such installments payable at one time and earlier than was originally provided for?

It seems to us that this cannot be done; that the commissioners having once fixed the time at which the eight installments were to be paid, their powers in the matter are exhausted, and that the auditor has no such power given to him in the statute. If it be ascertained by the auditor that the assessments on the duplicate are not sufficient to pay for the construction of the improvement, he has express power given to him to add to the assessment *pro rata* the amount that the actual expense is found to be more than the assessments on the duplicate. But no power appears to be given to him to change the number of the installments in which the assessments are to be payable, or the time at which they are payable, and the commissioners having exercised the authority given them by the statute, and fixed the number of installments, and when they are payable, have not the right afterwards, in the absence of express power conferred, to change this.

It would seem to follow, then, that the installments required by the commissioners to be paid December 20, 1892, June 20, 1893, December 20, 1893, June 20, 1894, and December 20, 1894, unless hitherto paid, are now due and payable as of December 20, 1894.

We think the last three installments are not now payable, but one will be payable, June 20, 1895, one December 20, 1895, and the last one June 20, 1896.

An order may be entered enjoining the collection of these three last assessments with the taxes payable December 20, 1894, and until they are payable according to the original arrangement made with the county commissioners.

Cox and SWING, JJ., concur.

*L. C. Black, David Davis, Frank Coppock,* for Plaintiffs.

*F. S. Spiegel, contra.*